No. 9696.
Orleans Appeal.

---

SANITARY SCALE CO. v. L. M. BROUSSARD, Appellant.

---

(October 20, 1924, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest, Fraud, Par. 10.
A defendant sued for the price of scales, who charges that he bought them on the fraudulent representations of plain-

tiff, must make his case reasonably certain or judgment will go against him. (Civil Code, Arts. 1847, 1848, 1849—Editor's Note.)

Appeal from First City Court, Hon. Henry Renshaw, Judge.

This is a suit for part of the price of a scale sold and delivered. Judgment for plaintiff. Defendant appealed.

Judgment affirmed.

McGee & Robbins, attorneys for plaintiff and appellee.

John D. Nix, Jr., W. W. Wright, attorneys for defendant and appellant.

CLAIBORNE, J. This is a suit for part of the price of a scale sold and delivered to the defendant for $275, less a cash payment of $25 and the return of an old scale $50.

The defense is as follows:

"Respondent avers that on February 18, 1924, the agent or representative of plaintiff's representative was so notified and at- and fraudulent representations, induced respondent to take a certain spring scale; that said scale was guaranteed to be in perfect condition and to give entire satisfaction. Respondent further avers that said scale does not properly measure or compute weights, and is altogether impractical for respondent's business. That plaintiff's representatives was so notified and attempted to regulate said scale, but without success, and was notified to take said scale back; that said scale is now held by respondent as bailee for account of plaintiffs, and subject to plaintiffs' risk."

There was judgment for plaintiff and defendant has appealed.

There is no evidence whatever of any false and fraudulent representations made by plaintiffs' agents to the defendant.

In fact, there is no evidence of any representations of any kind having been made by defendants. According to defendant's testimony the only fault he found with the scale was that it weighed one or two ounces over and that it was not right.

Plaintiffs' agent testifies: "I inspect every machine before the salesman takes it out of the office in its full capacity and then test it out, its pounds by weight." The scale was in good condition.

The salesman for the plaintiff testifies that the scale was in perfect order.

A clerk for the defendant, in answer to a leading question, testifies that he does not think that the scale weighed right: At one time he says that the scale weighed less and at another time that it weighed more.

The defendant has been engaged in the "retail grocery" business for about twenty years; he knows how to read; he signed a contract for the purchase of this scale on a document 7 inches high and 8 inches wide printed in small type with close lines; he says he "thought it was a receipt that he was leaving the scale with me for a couple of days".

He also signed another document in small type and closely printed lines, about 7 inches square, entitled "Exchange contract order", making a deduction of $50 for his old scale and a receipt for $25 paid on account.

We believe that these facts evidence a consummated sale and not a tentative sale on trial, and that defendant had other reasons for refusing to pay plaintiffs than that their scale "did not weigh right". Within a short time after defendant purchased plaintiffs' scale he bought another of another make.

It would have been in the power of the defendant to have proven by the testimony of some disinterested witness or by the parties from whom he purchased these last scales that plaintiffs' scales were not correct or not in good order.

Judgment affirmed.